UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES GREEN,

        Petitioner,

                                    Case No. 14-11125

v.                                   Hon. Gerald E. Rosen

GRAND TRUNK WESTERN RAILROAD
COMPANY and U.S. DEPARTMENT OF
LABOR, ADMINISTRATIVE REVIEW BOARD,

        Respondents.

_____/

## OPINION AND ORDER GRANTING
## RESPONDENT'S MOTION TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____April 13, 2015_____

PRESENT:  Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

## I.  INTRODUCTION

In an administrative complaint filed with the federal Occupational Safety & Health

Administration ("OSHA") in August of 2012, Petitioner James Green alleged that

Respondent Grand Trunk Western Railroad Company ("GTW") unlawfully retaliated

against him in violation of the Federal Rail Safety Act ("FRSA"), 49 U.S.C. § 20101 *et*

*seq.,* by terminating his employment with GTW in response to his request for medical

treatment.  By decision dated April 12, 2013, the Secretary of Labor dismissed

Petitioner's administrative complaint, finding that Petitioner was not engaged in protected

activity at the time of his termination and, in addition, that any such protected activity was not a contributing factor in GTW's decision to terminate Petitioner's employment. Dissatisfied with this decision, Petitioner sought review of the Secretary's findings by an Administrative Law Judge ("ALJ").

In the course of the administrative proceedings, GTW requested access to Petitioner's medical records under the theory that Petitioner had placed his medical condition at issue through his claim of retaliatory discharge. Petitioner, in turn, asked the ALJ to enter a protective order that would shield these records from discovery. In an order dated September 3, 2013, the ALJ largely granted GTW's request to compel the disclosure of Petitioner's medical records. Petitioner then filed a petition with the Respondent Administrative Review Board ("ARB") of the U.S. Department of Labor seeking immediate review of the ALJ's discovery order, but the ARB issued a February 7, 2014 order denying this petition, reasoning that Petitioner had "neither obtained the ALJ's certification of the discovery question at issue[] nor . . . demonstrated exceptional circumstances sufficient to invoke the Board's interlocutory review of this discovery issue." (Respondent GTW's Motion to Dismiss, Ex. 5, ARB 2/7/2014 Order at 2.)

In response to the ARB's order denying review, Petitioner filed a *pro se* petition with this Court on March 17, 2014, seeking *de novo* judicial review of the ARB's decision. This petition concludes with a prayer for relief in which Petitioner evidently asks this Court to (i) declare that the ARB applied improper procedures in determining whether to grant review of the ALJ's discovery order, (ii) rescind the ARB's order, (iii)

grant Petitioner's request for a protective order barring access to his medical records, and

(iv) remand this matter to the ALJ for further administrative proceedings.  Alternatively,

Petitioner suggests that this Court may proceed directly to the merits of his underlying

dispute with GTW and award the relief of reinstatement, back pay, and compensatory

damages.

By motion filed on April 10, 2014, Respondent GTW now seeks the dismissal of

Petitioner's petition for review on the grounds (i) that this Court lacks subject matter

jurisdiction over Petitioner's attempt to appeal from the ALJ's discovery order or the

ARB's denial of interlocutory review of this order, (ii) that Petitioner has failed to state a

viable claim that would entitle him to the relief sought in his petition, and (iii) that

Petitioner has failed to properly serve GTW with a copy of his petition in accordance with

the applicable law.[1]  Petitioner filed a *pro se* response in opposition to GTW's motion on

May 13, 2014, and GTW, in turn, filed a May 27, 2014 reply brief in further support of its

motion.


Having reviewed the parties' briefs in support of and opposition to GTW's motion,

---

[1]Apart from this purported defect in service raised by GTW, the Court separately issued
an April 23, 2014 order to show cause arising from Petitioner's apparent failure to serve the
second respondent named in his petition, the Department of Labor's Administrative Review
Board.  Although Petitioner filed a response to this show cause order on May 6, 2014, his
response is directed entirely at the merits of the various pleas for relief set forth in his petition,
and is utterly silent as to any steps Petitioner might have taken to properly serve the ARB with a
copy of his petition.  Nonetheless, the Court need not resolve any such questions as to proper
service of the Respondents, in light of its decision that this proceeding is subject to dismissal on
other grounds.

as well as their accompanying exhibits and the remainder of the record, the Court finds

that the pertinent facts, allegations, and legal issues are adequately presented in these

written submissions, and that oral argument would not assist in the resolution of this

motion.  Accordingly, the Court will decide GTW's motion "on the briefs."  *See* Local

Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.  This opinion and order

sets forth the Court's rulings on this motion.

## II. <u>ANALYSIS</u>

**A.      The Standards Governing Respondent GTW's Motion**

In the present motion, Respondent GTW challenges the Court's subject matter

jurisdiction over this proceeding and argues, in the alternative, that Petitioner has failed to

state a viable claim for the relief sought in his petition.  The first of these challenges is

brought under Fed. R. Civ. P. 12(b)(1), which governs a party's assertion of the defense

of lack of subject matter jurisdiction.  In addressing this jurisdictional challenge, the

Court "takes the allegations in the [petition] as true," inquiring whether these allegations

establish a basis for the exercise of subject matter jurisdiction.  *Gentek Building Products,*

*Inc. v. Steel Peel Litigation Trust,* 491 F.3d 320, 330 (6th Cir. 2007).  Yet, "conclusory

allegations or legal conclusions masquerading as factual conclusions will not suffice" to

withstand a properly supported Rule 12(b)(1) motion to dismiss.  *O'Bryan v. Holy See,*

556 F.3d 361, 376 (6th Cir. 2009) (internal quotation marks and citation omitted).

In addition to questioning the Court's subject matter jurisdiction, GTW seeks the

dismissal of the petition in this case under Fed. R. Civ. P. 12(b)(6) for failure to state a

4

claim upon which relief can be granted.[2]  When considering a motion brought under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff — or, here, Petitioner — and accept all well-pled factual allegations as true.  *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).  Once again, however, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted).  Rather, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974.  "A claim has facial plausibility

---

[2]The Court notes that GTW's motion is accompanied by certain documents — *e.g.,* the ALJ's order granting GTW's motion to compel and the petition filed by Petitioner seeking review of this order by the ARB — that technically extend beyond the four corners of the initial petition and its accompanying exhibits.  Nonetheless, these materials may fairly be considered "part of the pleadings," as "they are referred to in the [petition] and are central to [Petitioner's] claim." *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997) (internal quotation marks and citation omitted).  Thus, to the extent the Court deems necessary, it may consider these materials while still deciding GTW's motion under the standards of Rule 12(b)(6).

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

**B.    Petitioner Has Failed to Identify a Jurisdictional Basis for the Court to Entertain His Petition for Review of the ARB's Order.**

In his petition in this case, Petitioner invites the Court to conduct a *de novo* review of the ARB's February 7, 2014 order denying his request for interlocutory review of an ALJ's order compelling Petitioner to provide Respondent GTW with copies of his medical records.  As the principal argument advanced in its present motion to dismiss, GTW contends that there is no jurisdictional basis upon which the Court may review the ARB's order.  As discussed below, the Court agrees.

It is well settled that the "[f]ederal courts are courts of limited jurisdiction," and that "[t]hey possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Insurance Co.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994) (citations omitted).  Accordingly, "[i]t is to be assumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377, 114 S. Ct. at 1675 (citations omitted).  Here, this burden falls on Petitioner, who, as a *pro se* litigant, has unsurprisingly struggled in his effort to identify a ground upon which this Court may exercise jurisdiction to consider his petition for relief from the ARB's order.

Nonetheless, both sides agree that an appropriate starting point in locating a

6

potential source of the Court's subject matter jurisdiction is the FRSA, the statute that conferred on Petitioner both the substantive protection against retaliatory discharge, *see* 49 U.S.C. § 20109(a)-(c), and the right to file his August 27, 2012 complaint with the Secretary of Labor — or, more accurately, the Secretary's designate, OSHA, *see* 29 C.F.R. § 1982.103(c) — alleging that Respondent GTW violated this prohibition against retaliatory discharge, *see* 49 U.S.C. § 20109(d)(1). And, indeed, this statute expressly provides two paths to the federal courts: (i) *de novo* review by a federal district court of a complaint filed with the Secretary of Labor, *see* 49 U.S.C. § 20109(d)(3), and (ii) an appeal of a final order issued by the Secretary of Labor in response to a complaint filed under 49 U.S.C. § 20109(d)(1) alleging an unlawful adverse employment action, *see* 49 U.S.C. §§ 20109(d)(4), 42121(b)(3)-(4). The question, then, is whether either of these avenues is available to Petitioner here.

At first glance, the latter avenue for judicial review appears to be more applicable here, as the pertinent statutory provision speaks of appeals by a "person adversely affected or aggrieved by an order issued pursuant to" the procedures governing the Secretary of Labor's review of a complaint. 49 U.S.C. § 20109(d)(4). Through his present petition, after all, Petitioner wishes to challenge an order issued by the ARB in the course of the administrative proceedings in which the Department of Labor is addressing his complaint of retaliatory discharge. Thus, Petitioner seemingly qualifies as a "person adversely affected or aggrieved by" an administrative order who is authorized under § 20109(d)(4) to pursue a federal court appeal.

7

For two reasons, however, this FRSA provision fails to vest this Court with subject matter jurisdiction over Petitioner's challenge.  First, this provision expressly mandates that the review of challenged orders will take place "in the United States ***court of appeals,***" and not the federal district courts.  49 U.S.C. § 20109(d)(4) (emphasis added); *see also* 49 U.S.C. § 42121(b)(4)(A) (likewise providing that a "person adversely affected or aggrieved by an order . . . may obtain review of the order in the United States Court of Appeals"); 29 C.F.R. §§ 1982.112(a), (b) (confirming that appeals of ARB orders must be filed with the court of appeals, and that such orders are "not subject to judicial review in any . . . other civil proceeding").  Accordingly, to the extent that Petitioner would appeal to § 20109(d)(4) as authorizing judicial review of the challenged ARB order, any such desired review must be sought from the Sixth Circuit, and not this Court.

Next, § 20109(d)(4) is limited by its terms to orders "issued pursuant to the procedures in section 42121(b)," and this latter provision, in turn, authorizes judicial review only of "final order[s]" issued by the Secretary of Labor.  *See* 49 U.S.C. § 42121(b)(4)(A) (authorizing review in the Court of Appeals of "an order issued under paragraph (3)); 49 U.S.C. § 42121(b)(3)(A) (directing the Secretary of Labor to "issue a final order" that either denies a complaint or awards relief to the complainant); *see also* 29 C.F.R. § 1982.112(a) (confirming that only "final order[s]" issued by an ALJ or the ARB are subject to judicial review).  Consequently, Petitioner may seek judicial review under § 20109(d)(4) only if the challenged ARB order qualifies as "final," and it clearly does not.  The underlying ALJ ruling that Petitioner sought to challenge before the ARB

8

resolved a discovery dispute concerning Respondent GTW's request for Petitioner's medical records, and the Sixth Circuit has recognized that "[d]iscovery orders generally are not final decisions." *United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.,* 444 F.3d 462, 471 (6th Cir. 2006). Indeed, in the order now being challenged, the ARB expressly recognized that Petitioner was seeking "interlocutory review" of the ALJ's discovery order, (Respondent GTW's Motion to Dismiss, Ex. 5, ARB 2/7/2014 Order at 2), and Petitioner does not challenge this characterization before this Court. Plainly, if the proceedings before the ARB are properly deemed interlocutory — and they are — it follows that the order issued by that Board in those proceedings was itself interlocutory and not final. The Court concludes, therefore, that its subject matter jurisdiction cannot rest upon § 20109(d)(4), as this provision authorizes judicial review only of final orders by the court of appeals, and neither of these conditions is satisfied here.

This leaves § 20109(d)(3) as the remaining candidate for an FRSA provision that might vest this Court with jurisdiction over Petitioner's challenge to the ARB's order. This provision appears more promising in one respect, at least, as it expressly authorizes review in the federal district courts, rather than the courts of appeals. *See* 49 U.S.C. § 20109(d)(3). There still remains the question, however, whether § 20109(d)(3) permits the particular sort of review that Petitioner seeks before this Court. This provision states in pertinent part:

> With respect to a complaint [of unlawful retaliation], if the Secretary

9

of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy . . . .

49 U.S.C. § 20109(d)(3).  By its express terms, then, § 20109(d)(3) allows an employee to "abandon the administrative process and file an original action in federal district court" seeking *de novo* review of a substantive FRSA claim of unlawful retaliation, provided that more than 210 days have lapsed without the Secretary of Labor issuing a final decision on the employee's administrative complaint, and provided that this delay is not attributable to the employee's bad faith.  *Gunderson v. BNSF Railway Co.,* 29 F. Supp.3d 1259, 1260 (D. Minn. 2014); *see also Lynch v. Union Pacific Railroad Co.,* 24 F. Supp.3d 597, 599- 601 (N.D. Tex. 2014) (construing this so-called "'kick-out' provision" in § 20109).

While it is true that more than 210 days have passed between Petitioner's filing of his administrative complaint in August of 2012 and his commencement of this judicial proceeding in March of 2014, the Court agrees with GTW that the petition in this case cannot fairly be construed as asserting a substantive claim of retaliatory discharge that would be eligible for *de novo* district court review under § 20109(d)(3).  Rather, Petitioner focuses his challenge exclusively on the ARB's February 7, 2014 order denying interlocutory review of the ALJ's discovery order, contending that the ARB failed to apply the proper rules and procedures in considering his request for interlocutory

10

review of the ALJ's order, and instead looked to 28 U.S.C. § 1292(b) — a statutory

provision governing interlocutory appeals of district court orders to the courts of appeals

— in determining whether to allow Petitioner's interlocutory appeal.  (*See* 3/17/2014

Petition for Review of Agency Order at 3-7; *see also* Petitioner's 5/13/2014 Response to

GTW's Motion to Dismiss at 7 (stating that the ARB's "fail[ure] or refus[al]" to properly

exercise its power "to conduct interlocutory reviews" is "the only real issue" that

Petitioner seeks to raise before this Court).)  Likewise, the principal relief sought by

Petitioner is that the Court overturn the standards for interlocutory review applied by the

ARB, rescind the ARB's order, and "remand the case back to the ALJ" for further

administrative proceedings.  (3/17/2014 Petition for Review of Agency Order at 10.)

Nowhere in his present petition does Petitioner advance any allegations whatsoever in

support of a substantive claim of retaliation under the FRSA; he does not, for example,

identify any activity in which he engaged as an employee of Respondent GTW that is

protected under 49 U.S.C. §§ 20109(a)-(c), nor does he allege a causal connection

between any such protected activity and his dismissal from his job with GTW.[3]

    Under these circumstances, the Court finds that the petition filed in this case does

not trigger a right of *de novo* review in a federal district court under § 20109(d)(3).  This

provision, as explained, permits a complainant to opt out of the administrative process set

---

[3]The Court recognizes that the petition's prayer for relief requests in the alternative that
Petitioner be granted the sorts of remedies available through a substantive claim of retaliatory
discharge, including reinstatement and back pay.  (*See id.* at 10-11.)  As discussed, however, the
petition lacks any substantive allegations of retaliation that could support such an award.

11

forth in §§ 20109(d)(1)-(2) for handling claims of retaliation asserted against railroad employers, and to instead proceed to the federal district court for *de novo* consideration of such a claim. Yet, even allowing for a certain degree of latitude in construing Petitioner's *pro se* submission, the Court views the petition in this case as unambiguously seeking review of decisions made by the ARB and the ALJ during the administrative process, rather than inviting the commencement of judicial proceedings in which Petitioner's underlying claim of retaliation will be addressed *de novo* before this Court. It follows that § 20109(d)(3) does not authorize this Court to exercise jurisdiction over Petitioner's request for judicial review of non-final decisions issued in the course of the administrative proceedings on his claim of retaliatory discharge.[4]

It remains only to briefly address a few other possible grounds for this Court's exercise of jurisdiction over this case, one of which is raised by Petitioner and the others considered of the Court's own accord for the sake of completeness. First, Petitioner contends that this Court has jurisdiction in light of a March 24, 2014 order by the ALJ

_____

[4]In light of this conclusion, the Court need not reach the question, raised by Respondent GTW, whether any delay in the issuance of a final administrative decision on Petitioner's claim of retaliatory discharge is "due to the bad faith" of Petitioner by virtue of his purported refusal to cooperate in discovery, such that he should be deemed to have surrendered the right of *de novo* court review that otherwise would be available under § 20109(d)(3). The Court also need not consider whether Petitioner satisfied the prerequisite under 29 C.F.R. § 1982.114(b) of giving notice to the ARB or ALJ at least 15 days before filing a complaint in federal district court seeking *de novo* review under § 20109(d)(3). While GTW contends that the content of the notice filed by Petitioner confirms his intention to challenge the ARB's denial of his request for interlocutory review, rather than to seek the *de novo* review authorized under § 20109(d)(3), *(see* Respondent GTW's Motion to Dismiss, Br. in Support at 12-13 n.4), GTW has not provided a copy of this notice as an exhibit accompanying its present motion, nor does this notice otherwise appear in the record before this Court.

12

dismissing the administrative proceedings for lack of jurisdiction.  In support of this order, the ALJ reasoned that because Petitioner had invoked the jurisdiction of the federal district court under 49 U.S.C. § 20109(d)(3) by commencing the present suit, he evidently must have elected to abandon his pursuit of relief through the administrative process. (*See* Petitioner's 5/13/2014 Response to GTW's Motion to Dismiss, Ex B, ALJ's 3/24/2014 Order of Dismissal.)  Yet, as explained above, the petition filed by Petitioner with this Court does not evidence any intention to abandon the administrative process, but to the contrary seeks the review of an order issued by the ARB during this process and a remand for further administrative proceedings.  To the extent that the ALJ's order of dismissal might rest upon a different understanding of Petitioner's filing with this Court or the relief sought by Petitioner in this case, this Court plainly is not bound by the ALJ's interpretation of Petitioner's submissions in this judicial proceeding, nor by the ALJ's views as to whether Petitioner has properly invoked this Court's jurisdiction.[5]

Next, Petitioner arguably could look to the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.,* which confers a right of judicial review upon "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."  5 U.S.C. § 702.  The Sixth

---

[5]Apart from Petitioner's appeal to the ALJ's order of dismissal, he also appears to suggest in his petition that this Court's jurisdiction rests upon Rules 15 and 20 of the Federal Rules of Appellate Procedure.  As correctly observed by Respondent GTW, however, the Federal Rules of Appellate Procedure do not even apply in proceedings before this Court, *see* Fed. R. App. P. 1(a)(1), must less confer subject matter jurisdiction on the federal district courts, and this remains true even where the party seeking to invoke the district court's jurisdiction styles his cause of action as an "appeal" of an administrative ruling.

Circuit has explained that "[a]lthough the APA does not directly grant jurisdiction" to hear a challenge to agency action, it "provides a limited cause of action" that may be addressed under a federal district court's federal question jurisdiction. *Jama v. Department of Homeland Security,* 760 F.3d 490, 494 (6th Cir. 2014). This APA-based cause of action, however, extends only to "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court," and the APA itself expressly provides that "[a] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704.

For a number of reasons, the circumstances presented here do not permit Petitioner to state a claim for judicial review under the APA. First, absent some separate statutory grant of a right of interlocutory review — which, as discussed earlier, the FRSA does not provide — the APA authorizes judicial review only of "final agency action," 5 U.S.C. § 704, and the Court has already explained that the challenged ARB order denying Petitioner's request for interlocutory review of the ALJ's discovery order does not qualify as "final." Next, this same APA provision makes clear that the right of review conferred under the APA is available only where "there is no other adequate remedy in a court," 5 U.S.C. § 704, and the FRSA plainly provides such a remedy through its authorization of federal court review of final orders issued by the Secretary of Labor, *see* 49 U.S.C. § 20109(d)(4). Apart from these limitations found in § 704, a separate APA provision forecloses judicial review of agency action that is "committed to agency discretion by

14

law," 5 U.S.C. § 701(a)(2); *see also Jama,* 760 F.3d at 495, and an administrative order issued by the Secretary of Labor expressly confers upon the ARB the "discretionary authority to review interlocutory rulings in exceptional circumstances," Secretary of Labor Order 02-2012, Delegation of Authority and Assignment of Responsibility to the Administrative Review Board, 77 Fed. Reg. 69378 (Nov. 16, 2012).  On all of these grounds, then, Petitioner cannot look to the APA as a source of this Court's authority to review the challenged ARB order.

Finally, the courts have occasionally looked to the All Writs Act, 28 U.S.C. § 1651(a), as authorizing the issuance of a writ of mandamus that would compel a federal agency to act in accordance with its statutory obligations.  *See, e.g., In re Howard,* 570 F.3d 752, 753, 756-57 (6th Cir. 2009) (considering whether a writ of mandamus was available to compel the Secretary of Labor to "promulgate lower limits for the amount of dust and silica in the air" in coal mines).  The petition here arguably seeks relief of this sort, as Petitioner complains that the ARB has not adopted or applied appropriate standards for determining whether to grant interlocutory review of an ALJ's order.  Yet, regardless of whether such relief might conceivably be available or appropriate under the circumstances presented here, the Sixth Circuit has held that a writ of mandamus compelling agency action must be sought from the court that is vested with the authority to review the agency's final decision.  *See In re Howard,* 570 F.3d at 756-57.  In this case, the FRSA mandates that final decisions by the Secretary of Labor are reviewable in the court of appeals, *see* 49 U.S.C. § 20109(d)(4), so it follows that this Court would lack

15

jurisdiction over any request by Petitioner for relief under the All Writs Act.

### III.  CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Respondent Grand Trunk

Western Railroad Company's April 10, 2014 motion to dismiss (docket #3) is

GRANTED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  April 13, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 13, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

17